UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOUTHWEST AIRLINES CO., | ) |
| | ) |
|     Plaintiff, | ) |
| | )    CIVIL ACTION NO. |
| VS. | ) |
| | )    3:16-CV-3536-G |
| TRANSPORT WORKERS UNION OF | ) |
| AMERICA AFL-CIO LOCAL 555, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Southwest Airlines Company ("Southwest") to stay the effect of the court's previous order pending appeal (docket entry 42). For the reasons set forth below, the plaintiff's motion is granted.

### I. BACKGROUND

A full recitation of the factual background of this case is provided in the court's memorandum opinion and order issued on December 29, 2017. Memorandum Opinion and Order (docket entry 39). In that order, the court vacated the portion of the arbitration award at issue that purported to rule on the merits of the union's grievance, left the remainder of the award untouched, and remanded the dispute to arbitration before a new arbitrator. *Id.* at 26.

Southwest subsequently appealed this court's decision and filed the instant motion asking the court to stay the effect of its previous order, thereby preserving the present status quo until the Fifth Circuit has had a chance to decide the case. Plaintiff Southwest Airlines Co.'s Motion to Stay Effect of Court's Order Pending Appeal; Plaintiff Southwest Airlines Co.'s Brief in Support of its Motion to Stay Effect of Court's Order Pending Appeal ("Southwest's Brief") at 1 (docket entry 43). The defendant, Transport Workers Union of America, AFL-CIO, Local 555 ("TWU Local 555"), opposes the plaintiff's motion, insisting that the court should deny the stay. *See* Defendant/Counter-Claimant TWU Local 556's [sic] Response to SWA's Motion to Stay the Court's Order ("TWU Local 555's Response") at 4 (docket entry 50). Southwest's motion is now ripe for decision.

## II. ANALYSIS

### A. Legal Standard

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Barber v. Bryant*, 833 F.3d 510, 511 (5th Cir. 2016) (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)). A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 433 (internal quotation marks and brackets omitted). "The party requesting a stay bears the burden of

showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34 (citing, inter alia, *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

But even though the decision of whether to issue a stay is committed to the court's sound discretion, the Supreme Court has made clear that a legal standard circumscribes that discretion. See *id.* at 434. Specifically, when faced with a motion to stay, the court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The court does not consider the four factors on equal footing; instead, "[t]he first two factors . . . are the most critical." *Id.*

## B. Application

### 1. *Likelihood of Success on the Merits*

With respect to the first factor, the Fifth Circuit has stated that "the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle (Ruiz I)*, 650 F.2d 555, 565 (5th Cir. 1981). But in a later decision the Fifth Circuit further clarified the first factor, specifying that "[l]ikelihood

of success remains a prerequisite in the usual case even if it is not an invariable requirement. Only if the balance of equities (i.e. consideration of the other three factors) is . . . heavily tilted in the movant's favor will we issue a stay in its absence, and, even then, the issue must be one with patent substantial merit." *Ruiz v. Estelle (Ruiz II)*, 666 F.2d 854, 856-57 (5th Cir. 1982) (internal quotation marks omitted).

Southwest contends that it has satisfied the first requirement for a stay because this case involves a "serious legal question" and it has presented a "substantial case on the merits." *See* Southwest's Brief at 5. Relying on language from this court's previous order rejecting Southwest's arguments at summary judgment, Southwest now maintains that "[t]he merits in this case are certainly close enough to justify a stay," and "[it] has a good argument that the arbitrator's decision should be vacated. . . ." *Id.* at 5-6.

Because the court agrees with Southwest's characterization of the legal issues it presented at summary judgment, the court concludes that Southwest has presented a "serious legal question" and a "substantial case on the merits." After all, as Southwest correctly points out in its motion, the court's previous memorandum opinion and order reveals some possible tension in case law between the substantial amount of deference federal courts must afford arbitrations under the Railway Labor Act, and the need for judicial intervention when an arbitrator interjects his or her own personal brand of industrial justice. *See* Memorandum Opinion and Order at

17-22; Southwest's Brief at 6. Compare *American Eagle Airlines, Inc. v. Air Line Pilots Association, International*, 343 F.3d 401, 406 (5th Cir. 2003) ("[A]n arbitrator may not ignore the plain language of a collective bargaining agreement."), with *American Airlines, Inc. v. Allied Pilots Association*, No. 4:12-CV-0083-Y, 2012 WL 12872585, at *4 (N.D. Tex. Nov. 2, 2012) (Means, J.) (specifying that review of arbitration awards under the Railway Labor Act is "among the narrowest known to the law"), and *Continental Airlines, Inc. v. Air Line Pilots Association, International*, 555 F.3d 399, 406 (5th Cir. 2009) (concluding that an arbitrator's decision need only "draw its essence from the contracts and not simply reflect the [arbitrator's] own notions of industrial justice, so that the decision is grounded in the contracts . . . . [And] that a court is convinced he committed serious error does not suffice to overturn his decision").

Accordingly, if the balance of the equities -- "i.e. consideration of the other three factors" -- is heavily tilted in the movant's favor, the court will grant Southwest's motion and issue a stay. See *Ruiz II*, 666 F.2d at 856.

2. *Irreparable Injury to Southwest*

As to the second requirement, irreparable injury, Southwest contends that "[a]bsent a stay, Southwest -- and [TWU Local 555], for that matter -- will expend a significant amount of time and resources engaging in yet another arbitration proceeding that the Fifth Circuit might subsequently nullify." Southwest's Brief at 7.

The court is sensitive to the significant amount of resources the parties would

have to expend in yet another round of arbitration proceedings. See *id.* (emphasizing that if arbitration were to proceed before the Fifth Circuit rendered its decision on Southwest's pending appeal, it would be the third arbitration proceeding to date between the parties on this specific issue). The court is also mindful of the issues that might ensue should arbitration proceedings move forward before the Fifth Circuit renders a decision which could effectively moot any such proceeding. See, e.g., *Mazera v. Varsity Ford Services, LLC*, No. 07-12970, 2008 WL 2223907, at *2 (E.D. Mich. May 29, 2008) ("[A]llowing the case to proceed to arbitration while the case is on appeal may be premature because the validity of the arbitration agreement is still at issue. Moreover, . . . the outcome of the arbitration proceeding may be mooted depending upon the decision on appeal."), *aff'd in part and rev'd in part*, 565 F.3d 997 (6th Cir. 2009). As such, the court concludes that the second factor weighs in favor of a stay.

3. *Substantial Injury to TWU Local 555*

To date, it does not appear that the parties have scheduled an additional round of arbitration proceedings to address the merits of TWU Local 555's grievance, or, at the very least, the parties have not informed the court of any scheduled arbitration. Thus, the only conceivable harm to TWU Local 555 is a potential delay in the resolution of the merits of its grievance through arbitration -- proceedings the parties have yet to even schedule. Because the court is not convinced that a relatively

slight delay pending the outcome of Southwest's appeal amounts to substantial injury, this factor, too, weighs in favor of granting a stay.

4. *Public Interest*

The court does not foresee any interference with or disservice to the public interest. On the contrary, the public interest will be served by a swift determination from the Fifth Circuit and by preserving the parties' valuable resources in the interim. See *id.* ("The public interest is best served by expedient litigation that does not unnecessarily exhaust resources.").

III. CONCLUSION

Accordingly, because the balance of the factors weighs in favor of a stay, the court hereby **GRANTS** Southwest's motion. The effect of the court's previous order is **STAYED** pending the outcome of Southwest's appeal.

**SO ORDERED**.

May 22, 2018.

_____
**A. JOE FISH**
**Senior United States District Judge**